UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN K. GLADDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-1997 (ESH) |
| ) | |
| CHARLES F. BOLDEN, Jr., ) | |
| Administrator, National Aeronautics and ) | |
| Space Administration ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Warren Gladden has filed a *pro se* action against the Administrator of the National Aeronautics and Space Administration ("NASA") for race and age discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Defendant has moved to dismiss for failure to timely exhaust his administrative remedies and for failure to state a claim upon which relief may be granted. Because Gladden filed this lawsuit more than ninety days after receiving NASA's final agency decision ("FAD"), defendant's motion will be granted and this action will be dismissed with prejudice.

## BACKGROUND

### I. FACTUAL HISTORY

From June 2007 to July 2007, plaintiff, then a 53-year-old African American male applied for a series of jobs at NASA, including a Management and Program Analyst position, two General Engineer positions, and a Program Analyst position. (Plaintiff's Complaint ["Compl."] ¶¶ 29, 39, 50, 58.) In order to complete his applications, plaintiff was asked to

submit a resume highlighting his relevant experience for each of the positions. (*Id.* ¶¶ 21-22.) As GS-13, 14, and 15 positions, the vacancies required successful applicants to have high-level scientific and managerial skills in addition to "one year of specialized experience equivalent to the next lower grade." (*Id.* ¶¶ 31, 41, 52, 60.) When the application periods closed, RESUMIX, the automated hiring system that NASA uses to assess minimum qualifications, evaluated the resumes of each applicant and rated and ranked the applicants according to how closely their work experience aligned with the desired qualifications of each position. (*Id.* ¶ 23.) On August 11, 2007, plaintiff's applications for employment were denied on the grounds that he was not highly qualified for the positions. (*Id.* ¶¶ 29, 39, 50, 58.) Importantly, plaintiff was also informed "that only those applications that receive a highly qualified rating by the RESUMIX system are forwarded for further assessment by selecting officials." (Compl. Attach. 1 at 4.)

In light of his purportedly "extensive" experience, (Compl. ¶ 21), plaintiff argues that his unsuccessful attempts at employment are a result of "the systematic devaluation of [his] credentials by RESUMIX." (*Id.* ¶ 25.) Furthermore, plaintiff alleges that the RESUMIX selection process is discriminatory, and that it denied him employment on the basis of his race and age (*id.* ¶¶ 84-91), notwithstanding the fact that RESUMIX "does not take race, gender, or age into consideration when analyzing applicant resumes and generating a score for resumes." (Defendant's Motion to Dismiss ["Def.'s Mot."], Ex. 1 ¶ 8.) Defendant maintains that plaintiff's applications were rejected because he was not highly qualified for any of the positions. (Def.'s Mot. at 3.)

## II. PROCEDURAL HISTORY

Plaintiff filed a formal complaint of discrimination with NASA on December 27, 2007. (Compl. ¶ 10.) After defendant completed its investigation, plaintiff requested a hearing before an Administrative Judge of the Equal Employment Opportunity Commission ("EEOC") on June

2

4, 2008. (*Id.* ¶ 12.) On January 4, 2010, after engaging in extensive discovery and having received no decision from the EEOC Administrative Judge, plaintiff withdrew his hearing request and asked NASA to issue a FAD. (*Id.* ¶¶ 13-14.) On August 10, 2010, NASA issued its FAD and found that "Complainant has failed to establish that management's reasons are pretextual or that he was, in fact, discriminated against on the bases of his race or age." (*Id.* ¶ 15, Attach. 1 at 12.) Upon receiving the FAD on August 16, 2010, plaintiff was advised that if he was dissatisfied with the decision, he had the right either to appeal directly to the EEOC or to file a civil action in district court "within 90 days of receipt of this final decision if no appeal has been filed." (*Id.* ¶ 15, Attach. 1 at 2; *see also* 29 C.F.R. § 1614.407(a).) Plaintiff chose the latter and filed this action on November 16, 2010 (ninety-two days after receiving his FAD), alleging that NASA's refusal to hire him constituted discrimination in violation of Title VII (Count I) and the ADEA (Count II).

## ANALYSIS

### I. LEGAL STANDARDS

Despite some confusion in this jurisdiction regarding "whether a failure to exhaust administrative remedies is properly brought in a Rule 12(b)(1) motion, as a jurisdictional defect, or in a Rule 12(b)(6) motion for failure to state a claim," recent cases "favor treating failure to exhaust as a failure to state a claim." *Hansen v. Billington*, 644 F. Supp. 2d 97, 102 (D.D.C. 2009) (listing cases); *see also Kilby-Robb v. Spellings*, 309 F. App'x 422, 423 n.1 (D.C. Cir. 2009) ("[T]he mandatory exhaustion requirement is not jurisdictional.").

As the Supreme Court recently held in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), "[t]o survive a motion to dismiss [under Rule 12(b)(6) of the Federal Rules of Civil Procedure], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

3

(2007)).  A complaint must be dismissed under Rule 12(b)(6) if it consists only of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  The allegations in plaintiff's complaint are presumed true at this stage and all reasonable factual inferences must be construed in the plaintiff's favor.  *Maljack Prods., Inc. v. Motion Picture Ass'n of Am.*, 52 F.3d 373, 375 (D.C. Cir. 1995).  In deciding a Rule 12(b)(6) motion, a court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Hansen*, 644 F. Supp. 2d at 102 (internal quotation omitted).

A motion for summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). There is a "genuine issue" of material fact if a "reasonable jury could return a verdict for the nonmoving party." *Galvin v. Eli Lilly & Co.*, 488 F.3d 1026, 1031 (D.C. Cir. 2007) (quoting *Anderson*, 477 U.S. at 248). A moving party is thus entitled to summary judgment against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Waterhouse v. District of Columbia*, 298 F.3d 989, 992 (D.C. Cir. 2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

When considering a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at

255; *see also Wash. Post Co. v. U.S. Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).  However, the non-moving party "may not rely merely on allegations or denials in its own pleading."  Fed. R. Civ. P. 56(e)(2).  "While summary judgment must be approached with special caution in discrimination cases, a plaintiff is not relieved of her obligation to support her allegations by affidavits or other competent evidence showing that there is a genuine issue for trial."  *Calhoun v. Johnson*, No. 95-2397, 1998 U.S. Dist. LEXIS 22376, at *3 (D.D.C. Mar. 31, 1998), *aff'd* No. 99-5126, 1999 U.S. App. LEXIS 25165 (D.C. Cir. Sept. 27, 1999) (internal citation omitted).

## II. EXHAUSTION OF TITLE VII AND ADEA CLAIMS

Defendant moves to dismiss on the basis that plaintiff failed to timely file this action following the exhaustion of his administrative remedies.  (Def.'s Mot. at 6.)  The Court agrees.

The D.C. Circuit has recognized that the EEOC has been given "broad authority to enforce [Title VII's] antidiscrimination mandate within the federal government, including responsibility for issuing regulations to control federal agencies' processing of discrimination complaints."  *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (citing 42 U.S.C. § 2000e-16.)  Pursuant to that authority, the EEOC has created an administrative framework designed to facilitate the quick and proper resolution of discrimination complaints by imposing a series of time limits for when agency appeals and civil law suits must be filed.  *Id.* (citing 29 C.F.R. § 1614).  Following the receipt of a FAD, EEOC regulations give a prospective plaintiff one of two choices: he can appeal the FAD internally with the Office of Federal Operations, 29 C.F.R. § 1614.401, or he can bypass the Commission's appeals process and file a civil suit in district court, provided that he does so within ninety days of receiving the FAD.  29 C.F.R. §1614.407(a).

These requirements are "part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment." *Kizas v. Webster*, 707 F.2d 524, 545 (D.C. Cir. 1983) (quoting 42 U.S.C. §2000e-16(e)). Moreover, by giving the "federal agenc[y] an opportunity to handle matters internally whenever possible," the administrative framework also "ensure[s] that the federal courts are burdened only when reasonably necessary." *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985). As such, "[c]ourts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day." *McAlister v. Potter*, 733 F. Supp. 2d 134, 142 (D.D.C. 2010) (citing *Smith v. Dalton*, 971 F. Supp. 1, 2-3 (D.D.C. 1997)).

Here, it is undisputed that plaintiff failed to timely file this action. He received his FAD on August 16, 2010 (Compl. ¶ 15; *see also* Attach. 1 at 14), and he filed this action on November 16, 2010. Even accounting for the one-day window to which plaintiff was entitled because his ninetieth day fell on Sunday, November 14, 2010, plaintiff still failed to comply with the statute of limitations by filing this action ninety-two days after receiving his FAD. Because he filed suit two days after the expiration of the ninety-day statute of limitations, plaintiff's suit is untimely.[1]

---

[1] Plaintiff incorrectly argues that his complaint was timely because it was postmarked on November 15 (Opp. at 9, Attach. 2), citing to a provision regarding the filing requirements for administrative claims before the EEOC. *See* 29 CFR § 1614.604(b). For civil actions filed in district court, however, "the date of the filing is established by the official docket." *Smith v. Dalton*, 971 F. Supp. 1, 3 (D.D.C. 1997); *accord Innovatit Seafood Sys., LLC v. Comm'r for Patents*, 240 F.R.D. 23, 25 (D.D.C. 2007) ("[F]or purposes of the statute of limitations, the filing date is the date that the complaint is tendered to the clerk . . . ."); *Tyler v. District of Columbia*, No. 05-2259, 2006 WL 2024377, *1, fn.1 (D.D.C. Jul. 18, 2006) ("For statute of limitations purposes, a complaint is deemed to be filed with the Clerk when it is placed in the Clerk's custody . . . ."); *Lyons v. Goodson*, 787 F.2d 411, 412 (8th Cir.1986) ("[A] complaint is "filed" when it is lodged with the court . . . ."); *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 281 (9th Cir.1983) ("[F]or purposes of the statute of limitations the district court should regard as "filed" a complaint which arrives in the custody of the clerk within the statutory period . . . .").

"[T]he plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience." *Brown*, 777 F.2d at 13 (internal citations & quotation marks omitted). It is within this Court's discretion, however, to excuse a plaintiff's failure to meet administrative time limits by applying the doctrine of equitable tolling. *Johnson v. Billington*, 404 F. Supp. 2d 157, 162 (D.D.C. 2005). The D.C. Circuit has "set a high hurdle for equitable tolling, allowing a statute to be tolled only in extraordinary and carefully circumscribed instances," *Communications Vending Corp. of Az. v. FCC*, 365 F.3d 1064, 1075 (D.C. Cir. 2004) (internal citation & quotation marks omitted), including "where a motion for appointment of counsel is pending and equity would justify tolling the statutory period[,] . . . where the court has led the plaintiff to believe that she had done everything required of her, . . . [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction," *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (internal quotation marks omitted); *see also Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998) (allowing for equitable tolling when a plaintiff was found to be *non compos mentis*). A plaintiff's failure to exercise due diligence when filing suit, however, is *not sufficient* to warrant the application of equitable tolling. *See Battle v. Rubin*, 121 F. Supp. 2d 4, 8 (D.D.C. 2000) (plaintiff must have exercised due diligence and her excuse for failure to timely file must be "more than a garden variety claim of excusable neglect"). Moreover, plaintiff bears the burden of proving "facts supporting equitable avoidance" of the result. *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).

Plaintiff has not carried this burden. Although plaintiff brings this action *pro se*, he is an experienced litigant in the area of employment law, having filed at least ten other employment

discrimination cases throughout the country.[2] Plaintiff was on notice of the time limits affecting his right to file a civil action upon the receipt of his FAD. (Attach. 1 at 2.) Indeed, plaintiff was advised by the agency to file his suit within *thirty* days of receiving his FAD, as some jurisdictions have interpreted the Civil Rights Act to impose a thirty-day statute of limitations period. (*Id.*)

## III. SUMMARY JUDGMENT

Even if there was some conceivable argument in favor of tolling, which there is not, plaintiff cannot as a matter of law survive summary judgment given that his employment application was rejected by an automated computer system (RESUMIX) that does not take race, gender, or age into consideration as an input variable when analyzing or scoring resumes. (Mot. at Ex. 1.) Several courts have examined claims brought where RESUMIX has blindly screened and excluded applicants, and have consistently dismissed such claims. *See, e.g.*, *Rumburg v. Secretary of the Army*, 2011 WL 1595067 at *7 (E.D. Mich. 2011) ("There is nothing to suggest, let alone create a triable issue of fact, that reliance on the RESUMIX system is a pretext for discrimination. . . . [T]he RESUMIX system . . . blindly scored the resumes, which in turn blindly excluded Plaintiff from consideration."); *Tuttle v. McHugh*, 2010 WL 4323078 at *4 (W.D.Va. 2010) (explaining that "the RESUMIX system did not consider age in generating the qualified-candidate pool" and that the plaintiff "has submitted no evidence from which a reasonable jury could find that [the defendant] somehow discriminated against [plaintiff] because

---

[2] *See Gladden v. Locke*, 10-01665-PJM, *Gladden v. Locke*, 10-cv-01756-PJM, *Gladden v. McHugh*, 10- 1793, *Gladden v.McHugh*, 10-cv-3402, filed in U.S. District Court for the District of Maryland; *Gladden v. Vilsack*, 10-cv-5228-LFS, *Gladden v. Solis*, 10-cv-5475-LFS filed in U.S. District Court for the Eastern District of Pennsylvania; *Gladden v. Solis*, 10-cv-1905 (ESH) in this Court; *Gladden v. Geren*, 08-cv-1180 in U.S. District Court for Middle District of Pennsylvania; and *Gladden v. Advanced Micro Dev.*, 99-cv-0096 in the U.S. District Court for the Western District of Texas.

of his age by using an *age-neutral* computer program to screen applicants"); *O'Neal v. R.L. Brownlee*, 2004 WL 2827052, at *8 (E.D.Pa. 2004) ("In awarding the promotion to Wasakanes defendant considered only the information submitted by plaintiff and Wasakanes through the Resumix system. Plaintiff has not presented evidence that defendant considered the two candidates' applications under different sets of standards or that race played a factor in the determination of the candidates' application scores.").

In response, plaintiff argues that defendant's refusal to turn over data to plaintiff regarding the race and gender of every applicant for every position that he applied for is "prima facie" evidence of discrimination, and mandates the inference that defendant's use of a race and age-neutral computer screening system has an adverse impact on applicants based on race and age. (*See* Opp. at 14-19.) As defendant points out, however, such statistical data regarding age is not collected, and the provisions cited by plaintiff do not require its collection. *See* 29 CFR § 1607.3. In addition, plaintiff's request for the "race, age, and year of birth" for *every* applicant (Opp. at 15), and not merely those applicants who provided such information voluntarily, was justifiably refused by defendants as overbroad. In short, plaintiff has not presented any evidence suggesting that defendant's use of RESUMIX was pretext for race or age discrimination.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment and to dismiss for failure to exhaust [Dkt. No. 13] is **GRANTED**. The complaint is **DISMISSED** with prejudice.

**This is a final appealable order.**

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: August 16, 2011